**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM SCHELL; ANDREW M. OLSON; ANGELA MATT ARCHITECT INC.; BENJAMIN TYLER DUNN; BRADLEY CONNER; BRENDAN DALY; BRYAN SHEFFIELD; CATHERINE LAMENZO; DARRYL LECOURS; DEREK WINEBAUGH; EDDIE FIELD; GISBEL DE LA CRUZ; INGRID SALGADO; JENNIFER NEMET; JOHN KUBALA; KEN GALLUCCIO; MARK MILLER; MELISSA ST. CROIX; MICHAEL BOWMAN; MICHAEL SKENA; NORBERT KAHLERT; STEPHEN FRANCK; STEVEN FERDINAND; STEVEN RAWCZAK; SVEN HOFMANN; THOMAS SIEHL III; TONYA DREHER, | No.   20-17480

D.C. Nos.   3:17-cv-04372-CRB
                3:15-md-02672-CRB

MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, INC.; AUDI AKTIENGESELLSCHAFT, (Audi AG); AUDI OF AMERICA, LLC; ROBERT BOSCH, LLC, a Michigan limited liability company; ROBERT BOSCH GMBH, a German corporation, | |

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before: GOULD and COLLINS, Circuit Judges, and EZRA,[**] District Judge.

Plaintiffs-Appellants Adam Schell, *et al.*, filed this suit on behalf of a putative class of consumers who bought or leased "clean diesel" automobiles from Volkswagen but disposed of these vehicles before Volkswagen's "clean diesel" emissions fraud was publicized. *See In re Volkswagen "Clean Diesel" Mktg. Sales Prac. & Prods. Liab. Litig.*, 895 F.3d 597, 603 (9th Cir. 2018) (discussing the nature and extent of this emissions fraud). Plaintiffs appeal from the district court's order dismissing this case for lack of evidence of an Article III injury. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the issue of Article III injury *de novo*, *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021), and the underlying exclusion of an expert opinion offered by Plaintiffs for abuse of discretion, *United States v. Telles*, 6 F.4th 1086, 1096 (9th Cir. 2021); *see also Lust v. Merrell Dow Pharms.*, 89 F.3d 594, 597 (9th Cir. 1996), we affirm.

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

This appeal concerns Defendant-Appellant Volkswagen's "factual challenge to standing under Rule 12(b)(1)." *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021). Once Volkswagen disputed the truth of Plaintiffs' factual allegations as to Article III standing, Plaintiffs could "no longer rest on mere allegations [regarding] the existence of such standing." *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255–56 (9th Cir. 2008). Plaintiffs instead "had the burden to support their jurisdictional allegations with competent proof, and, of course, had the burden of establishing subject matter jurisdiction." *Friends of the Earth*, 992 F.3d at 944 (cleaned up).

Even assuming Plaintiffs correctly asserted at oral argument that the theory of Article III injury before the district court was that Volkswagen fraudulently induced Plaintiffs into paying a "clean diesel premium" for their cars, Plaintiffs still had to offer evidence that this price premium exists. *See Friends of the Earth*, 992 F.3d at 944; *Gerlinger*, 526 F.3d at 1256. Plaintiffs contend that the expert opinion of Ted Stockton is sufficient proof of this injury such that their case should have survived Volkswagen's factual challenge to standing, and that the district court erred in ruling otherwise. We disagree.

Stockton admitted in his deposition that he did not calculate the "clean diesel premium" that was necessary to support Plaintiffs' theory for the Article III injury alleged by Plaintiffs. He instead assumed that his calculation of "excess

3

depreciation" based on the post-emissions-fraud-disclosure decrease in the value of used Volkswagens was a "reasonable proxy for overpayment at the time of initial purchase." This method captures ancillary post-disclosure factors as to the price of used Volkswagen "clean diesel" vehicles, such as fear of regulatory action, loss of brand reputation, and uncertain resale value. The district court did not abuse its discretion in concluding that, because Stockton's method relied on such post-disclosure factors, it was irrelevant to Plaintiffs' clean-diesel-premium theory of Article III injury. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (holding that no abuse of discretion exists if the district court ruling is logical and supported by inferences which may be drawn the record); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) ("[A] model purporting to serve as evidence of damages in this class action must measure only those damages attributable to [the pertinent] theory [of liability in the case]."); *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Sec. (USA) LLC*, 752 F.3d 82, 96 (1st Cir. 2014). Plaintiffs' argument is unavailing even under their own legal standard. They did not prove the only Article III injury that they alleged, and that failure of proof ends the case. *See Gerlinger*, 526 F.3d at 1256.

Plaintiffs argue that the district court erred in obliging them to prove damages with certainty via Stockton's opinion, and conditioning standing on whether they mitigated their injuries. They are incorrect because the district court did neither. It

4

excluded Stockton's opinion, not for imprecision, but because it was irrelevant, and the district court declined to analyze mitigation because Plaintiffs offered no proof of a "clean diesel premium."

Because the district court properly exercised its discretion when it excluded Stockton's opinion, and Plaintiffs had neither offered in the district court nor discussed in their Opening Brief any other supportive evidence of damages, we conclude that they lack any admissible evidence of Article III injury. Plaintiffs' allegations that they overpaid for "clean diesel" vehicles due to fraud are insufficient because the district court dismissed the case at the post-pleading stage after fact and expert discovery had occurred and Plaintiffs had a failure of proof as to standing. *See Friends of the Earth*, 992 F.3d at 944. Dismissal was appropriate here. *See Gerlinger*, 526 F.3d at 1256.

**AFFIRMED.**